## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE KIRNON,<br>Petitioner | : | CIVIL ACTION |
| v. | : | NO. 07-4474 |
| MICHAEL KLOPOTOSKI, et al.,<br>Respondents | : | |

**Memorandum**

YOHN, J.                                                                             November 15, 2010

Jamie Kirnon moves, under Federal Rule of Civil Procedure 60(b)(3) and (6), to set aside the December 17, 2008, dismissal of his motion for habeas relief pursuant to 28 U.S.C. § 2254. Kirnon asserts that he is entitled to relief from that judgment because this court erred in concluding that his claim of prosecutorial misconduct was procedurally defaulted and in failing to grant an evidentiary hearing to give him the opportunity to develop the facts further. For the reasons set forth below, I conclude that Kirnon's motion does not allege any reason that would justify setting aside the judgment in the original § 2254 proceedings. I will therefore deny Kirnon's motion to set aside that judgment.

**I. Factual and Procedural History**

On November 4, 2003, a jury found Kirnon guilty of first-degree murder, aggravated assault, criminal conspiracy, carrying a firearm on a public street, and possession of an

instrument of crime. The jury sentenced Kirnon to life imprisonment for the murder charge. The Honorable Gary Glazer, who presided over the trial, also imposed consecutive sentences of 72-144 months for aggravated assault and 42-64 months for criminal conspiracy. For the remaining offenses, Judge Glazer entered a judgment of guilty but imposed no further penalty.

Kirnon filed a direct appeal in the Pennsylvania Superior Court challenging the sufficiency and weight of the evidence presented at trial alleging that the testimony of key witnesses was contradictory and inconsistent. *Commonwealth v. Kirnon*, No. 0604 EDA 2004, slip op. at 5 (Pa. Sup. Ct. Jan. 13, 2005). The Superior Court affirmed the judgment, concluding that the evidence clearly established that Kirnon was present at the scene of the crime and actively participated in the shooting. *Id*. Kirnon did not seek discretionary review by the Pennsylvania Supreme Court.

Kirnon instead filed a *pro se* petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Const. Stat. Ann. §§ 9541-9546, on January 13, 2006. *Commonwealth v. Kirnon*, No. 0374, 2006 Phila. Ct. Com. Pl. LEXIS 529, at *1 (C.P. Phila. Oct. 5, 2006). In one of the six arguments that he raised, Kirnon argued that the prosecutor unconstitutionally injected race into the trial by referring to Kirnon as a "black drug dealer" and "murderer" in closing argument. *Id*. at *3. Kirnon's appointed PCRA counsel filed a no-merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Sup. Ct. 1988). *Id*. at *2. Petitioner alleges that he sent objections to the no-merit letter to the clerk of the PCRA court on October 3, 2006, pursuant to Pa. R. Crim. P. 907, but these objections were not filed on the docket. (Pet'r's Mot. 7-8.) The PCRA court concluded that trial counsel was not ineffective for failing to object and move for a mistrial based on the statements because "[t]he remarks in the context of the whole argument

simply do not rise to the level that would prejudice the jury."[1] *Kirnon*, 2006 Phila. Ct. Com. Pl. LEXIS 529, at *8. After conducting its own review of the record, the PCRA court agreed with counsel's analysis in the no-merit letter and denied the petition on October 5, 2006. *Id*. at *2.

Kirnon appealed the denial of his PCRA petition on October 19, 2006, raising twenty-two grounds for relief. *Commonwealth v. Kirnon*, No. 3235 EDA 2006, slip op. at 1,4 (Pa. Super. Ct. July 24, 2007). One of the arguments asserted was that trial counsel was ineffective for failing to object and move for a mistrial when in closing argument, the Commonwealth referred to Kirnon as a "black drug dealer and murderer." *Id*. at 5. The Superior Court found that the majority of his claims, including the claim of ineffectiveness based on the racial comment, did not conform to the requirements set forth in Pennsylvania Rules of Appellate Procedure 2116, which requires that the petitioner's statement of questions not exceed one page, and 2119, which requires having separately demarcated sections that address each argument with discussion and appropriate citations. *Id*. at 6-9. The court concluded that "the defects in Appellant's brief are substantial" because rather than advance legal arguments, Kirnon made "bald assertions of error." *Id*. at 8. Also, "[f]or his claims of ineffective assistance of trial and appellate counsel, Appellant . . . fail[ed] to meaningfully discuss and apply the standard." *Id*. The court considered the majority of

---

[1] In the summary of Kirnon's PCRA petition, the Court of Common Pleas stated that Kirnon argued that the Assistant District Attorney violated his civil and constitutional rights by making racial comments in summation. When discussing the merits of this claim, however, the court assessed his argument as if it were an ineffective assistance claim. It is unclear from the opinion whether Kirnon argued that the racial comments violated his due process rights or that trial counsel was ineffective for not objecting to the racial comments. In his objections to the no-merit letter, which the court did not consider, Kirnon restated his PCRA claim, asserting that the Commonwealth violated his civil and constitutional rights by referring to him as a "black drug dealer" and "murderer" in summation, and then raised a layered ineffective assistance claim based on the alleged prosecutorial misconduct. (Pet'r's Mot., Ex. E.)

3

his claims waived. *Id*. at 9. Kirnon's petition for reargument was denied on September 28, 2007, and he did not seek discretionary review with the Pennsylvania Supreme Court.

Kirnon then filed a habeas motion pursuant to 28 U.S.C. § 2254 on October 25, 2007, raising nine grounds for relief. *Kirnon v. Klopotoski*, 620 F. Supp. 2d 674, 680-81 (E.D. Pa. 2008). In Claim V, Kirnon argued "[p]rosecutorial misconduct stemming from the prosecutor's racially-based comment made during closing argument." *Id*. at 681. Magistrate Judge Hey recommended that the claim be dismissed, concluding that while the remarks were a "deplorable injection of race into the trial," "the prosecutor's one-time mention of race in closing did not call the verdict into question." *Id*. at 700. I did not reach the merits of Claim V because I concluded that it was procedurally defaulted. *Id*. at 682-85. "Kirnon may have raised this claim in his original PCRA petition, but did not raise it in his direct appeal or his PCRA appeal." *Id*. at 682. Kirnon failed to exhaust his state remedies and because the time to do so had passed, Claim V was procedurally defaulted. *Id*. Moreover, Kirnon failed to establish cause and prejudice or a fundamental miscarriage of justice to overcome his procedural default. *Id*. at 682-85.

On December 29, 2008, Kirnon filed a timely notice of appeal. The Third Circuit denied the request on June 23, 2009, for failure to make a substantial showing of the denial of a constitutional right. *Kirnon v. Wynder*, No. 09-1212, slip op. at 1 (3d Cir. June 23, 2009). The Third Circuit concluded that "the habeas corpus petition does not provide a basis for the writ to issue for the reasons given by the District Court," and that even if Claim V could be considered on the merits, "the Magistrate Judge correctly concluded that the prosecutor's comments, when considered in context and not in isolation, did not infect the trial with unfairness as to make the resulting conviction a denial of due process." *Id*. On May 7, 2010, Kirnon filed this Rule 60(b)

4

motion, arguing that denial of Claim V was a result of several mistakes and oversights that reflect a defect in this court's integrity.

**II. Legal Standards**

> Rule 60(b) permits a party to move for relief from a judgment on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The remedy provided by Rule 60(b) is extraordinary and only special circumstances may justify reopening a final judgment. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). The Third Circuit has held that "a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion." *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) (citing *Martinez-McBean v. Gov't of the Virgin Islands*, 562 F.2d 908, 912 (3d Cir. 1977)). Rule 60(b) also may not be used to circumvent the restrictions that Congress has placed on second or successive habeas petitions. *Gonzalez,* 545 U.S. at 531-32. Thus, a Rule 60(b) motion to set aside a federal habeas court's decision may not raise grounds for habeas relief or attack "the federal court's previous resolution of a claim *on the merits*." *Id.* at 532. A petitioner may seek relief under Rule 60(b), however, when there has been "some defect in the integrity of the federal habeas proceedings," *Id.* at 532, and the motion "confines itself not only to the first federal habeas petition, but to a nonmerits aspect of the first federal habeas

5

proceeding," *Id.* at 534. Relief under Rule 60(b)(6) is available only in cases exhibiting "extraordinary circumstances," *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999), which "rarely occur in the habeas context," *Gonzalez*, 545 U.S. at 535.

## III. Discussion

Unable to obtain a certificate of appealability, Kirnon now argues that the judgment denying his § 2254 motion should be set aside under Rule 60(b)(3) and (6) because this court made three procedural mistakes during the habeas proceedings that reflect a defect in the court's integrity. (Pet'r's Mot. 2.) Kirnon first claims that this court "made a harmful mistake warranting relief under rule 60(b) when it ruled" that Claim V "was 'not' raised on 'Direct Appeal or PCRA appeal'" because the "Official record clearly shows it was raised." (*Id.* at 4.) He argues that the court should have granted an evidentiary hearing to determine Claim V because he diligently sought to develop the facts in the state proceedings but was prevented from doing so. (*Id.* at 3-4.) (I*d.* at 7.) In his second claim, Kirnon argues that the PCRA court erred by dismissing the PCRA petition without addressing his timely filed objections. (*Id.* at 7-9.) Third, Kirnon claims that his *pro se* PCRA petition raised an exculpatory issue that was extraordinary but was never addressed on the merits. (*Id.* at 9-10.)

Kirnon's first claim challenging the finding of procedural default of Claim V in the underlying habeas judgment is not a claim on the merits, and is thus properly raised under Rule 60(b). *Gonzalez v. Crosby*, 545 U.S. 524, 532 n. 4 (2005). The second and third claims, however, are not cognizable on Rule 60(b) review because they address actions of the PCRA court, rather than this court's adjudication of the underlying § 2254 judgment. Rule 60(b) permits the court only to set aside its own judgments. *Id.* at 531-34. Kirnon's allegations of deficiencies in the

6

PCRA proceedings will be considered, however, to the extent that they are relevant to resolving the procedural default issue.[2]

Kirnon raises his claim under Rule 60(b)(3) and (6). He does not allege that any fraud, misrepresentation or other misconduct occurred during the habeas proceedings so his claim fails under Rule 60(b)(3) and proceeds only under Rule 60(b)(6). Kirnon alleges that this court erred when it concluded that his prosecutorial misconduct claim was procedurally defaulted. He argues that there would be a "miscarriage of justice" if this court does not grant a hearing because this court failed to reach the merits of his claim and because he did not receive a full and fair opportunity to develop the facts during state court proceedings. But Kirnon has not claimed any defect in the integrity of the habeas proceeding that warrants granting relief under Rule 60(b).[3] A Rule 60(b) motion may not be used as a substitute for an appeal and therefore legal error, alone, is not sufficient to justify setting aside a previous judgment. *Smith*, 853 F.2d at 158. The Third

---

[2] While Kirnon claims that this court made three mistakes or oversights when it concluded that Claim V of his habeas petition was procedurally defaulted, his second and third claims address the state court PCRA proceedings. But Kirnon explains that this court erred by accepting the truth of the PCRA court's record because he was not granted a full and fair opportunity to establish the necessary facts at the state court level. I therefore understand the second and third claims, which allege that the PCRA court proceedings were not fair, as Kirnon's arguments for establishing cause and prejudice excusing procedural default.

[3] Kirnon argues that this court's alleged error reflects a "defect in the integrity of the federal habeas proceedings" because he was not provided the proper and necessary warning prescribed by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). (Pet'r's Mot. 6.) Kirnon is factually incorrect. In *Mason*, the Third Circuit held that, before construing a post-sentence motion as a motion for habeas relief, the district court must advise the petitioner that, if the motion is characterized as a habeas petition, the petition will be barred by the Antiterrorism and Effective Death Penalty Act from filing any further petitions. 208 F.3d at 418-19. The standard § 2254 petition form, which became effective on December 1, 2004, contains an explicit *Mason* warning in the introductory text. Because Kirnon used this standard form, he cannot now claim that he was not properly warned.

Circuit has already denied his request for a certificate of appealability because "the habeas corpus petition does not provide a basis for the writ to issue for the reasons given by the District Court." Moreover, whether "'it would be unjust, inequitable, unfair, and a gross miscarriage of justice'" to let the judgment stand "is not the standard by which a district court's discretionary power to set aside judgments is measured. The exercise of a district court's discretionary power requires an extraordinary circumstance." *Moolenaar*, 822 F.2d at 1347. Kirnon's Rule 60(b) motion fails to establish any such extraordinary circumstance and must therefore be denied.

Even if Kirnon could proceed with his challenge, he is unable to demonstrate that the court erred by dismissing his prosecutorial misconduct claim. His claim was indeed procedurally defaulted because he failed to raise it properly in his direct appeal or PCRA proceedings. Kirnon may not establish cause and prejudice to excuse procedural default. And as a result, no evidentiary hearing was needed.

### A. Claim V was Procedurally Defaulted

Kirnon claims that Claim V was not procedurally defaulted, because he raised the prosecutorial misconduct issue as well as a layered claim of ineffective assistance of counsel[4] regarding it during state court proceedings. (Pet'r's Mot. 6.) He insists that the Superior Court confirmed that he properly raised the prosecutorial misconduct claim. (*Id*.)

Kirnon is factually incorrect. Kirnon's direct appeal challenged the sufficiency and weight

---

[4] A layered claim of ineffective assistance of counsel is a claim in which a petitioner argues that his appellate counsel was ineffective for failing to allege that trial counsel was ineffective. *Leon Lewis v. Tennis*, No. 08-4498, 2010 U.S. Dist. LEXIS 46519, at *8 (E.D. Pa. May 12, 2010).

of the evidence, but made no mention of prosecutorial misconduct. Kirnon's claim of prosecutorial misconduct first appeared in his PCRA petition. In his PCRA appeal, however, Kirnon reversed course and argued that PCRA counsel was ineffective for failing to object to the racial remarks made during closing argument, but did not raise prosecutorial misconduct as a separate claim. Finally, in his § 2254 motion, Kirnon raised Claim V, arguing "[p]rosecutorial misconduct stemming from the prosecutor's racially-based comment made during closing argument." *Kirnon*, 620 F. Supp. 2d at 681.

In order to exhaust state remedies, a petitioner must "give state courts one full opportunity to resolve any constitutional issues by invoking 'one complete round of the State's established appellate review process.'" *Diggs v. Diguglielmo*, No. 06-24, 2007 U.S. Dist. LEXIS 84852, at *9 (E.D. Pa. Nov. 14, 2007) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)). To "fairly present" a claim to the state courts, a petitioner must "present the factual and legal substance of a particular claim to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Id*. (citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)); *see also Turner v. Barone*, No. 09-955, 2009 U.S. Dist. LEXIS 128436, at *11-12 (E.D. Pa. Nov. 30, 2009) (explaining that claims have been fairly presented if claims in federal court are the "substantial equivalent" of those presented in state court). Ineffective assistance of counsel claims are distinct from their underlying claims because they implicate different legal theories. *See Gattis v. Snyder*, 278 F.3d 222, 237 n.6 (3d Cir. 2002); *see e.g.*, *Branch v. Tennis*, No. 07-3532, 2008 U.S. Dist. LEXIS 108718, at *12 (E.D. Pa. Sept. 29, 2008) ("But the question is not whether the underlying claims of ineffective assistance of counsel were presented to the state courts, but whether the federal due process claims that Branch has presented for the

9

first time in the instant habeas petition were presented to the state courts."). *But see Gee v. Kerestes*, No. 09-825, 2010 U.S. Dist. LEXIS 60423, at *16 (E.D. Pa. June 16, 2010) (concluding petitioner fairly presented claim of prosecutorial misconduct because court reached merits of ineffective assistance claim on that basis and therefore court had notice of claim asserted and opportunity to adjudicate).

Kirnon did not fairly present his prosecutorial misconduct claim to the state court, because he did not raise it on direct appeal or in his PCRA appeal. First, it is not sufficient that he raised an ineffective assistance claim based on counsel's failure to object to the racial remarks because that involves a different legal theory from prosecutorial misconduct. Second, the Superior Court did not have the opportunity to consider the validity of Kirnon's prosecutorial misconduct allegation in his PCRA appeal indirectly, as the basis of his layered ineffective assistance claim, because that claim was waived as a result of the substantial deficiencies in his brief. The court explained that for a layered claim of ineffectiveness, "'a post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard.'" *Kirnon*, No. 3235 EDA 2006, slip op. at 8 (quoting *Commonwealth v. D'Amato*, 856 A.2d 806, 812 (Pa. 2004)). Contrary to Kirnon's assertion, the Superior Court did not confirm that the ineffective assistance claim was properly raised. The court instead considered the claim to be waived because Kirnon did not raise and brief it properly.

Kirnon did not exhaust his state remedies, and because the time to do so had passed by the time of his habeas petition, the claim was correctly deemed procedurally exhausted. Kirnon may not now claim that there was cause for not raising the claim and prejudice as a result. To do

so would be an improper use of Rule 60(b) to relitigate his habeas claim. Even if Kirnon is allowed to proceed, his challenge would fail because he has not established cause and prejudice. To show cause, a petitioner must demonstrate "something external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). A petitioner may show prejudice if the alleged error "worked to his *actual* and substantial disadvantage." *Murray v. Carrier*, 477 U.S. 478, 494 (1986). Kirnon argues that the PCRA court dismissed his petition without addressing his timely filed objections. (Pet'r's Mot. 7-9.) He also argues that the PCRA appeal court granted him permission to file a statement of questions that exceeded one page, but then dismissed his claim for violating Pennsylvania Rule of Appellate Procedure 2116, which limits the statement to one page. (*Id*. at 9-10.)

These alleged errors in the state court proceedings provide no explanation as to why Kirnon failed to raise the prosecutorial misconduct claim in his PCRA appeal. First, although Kirnon did raise the underlying constitutional claim separately and as the basis of a layered ineffective assistance claim in his objections to the PCRA court, that is irrelevant. (Pet'r's Mot., Ex. E at 7.) I have already acknowledged that he raised this claim in his PCRA petition. The claim is defaulted because Kirnon did not properly raise the constitutional issue underlying Claim V in his PCRA appeal so that it could be considered by the Superior Court. Second, although the Superior Court found that Kirnon's statement of issues on appeal was excessively long, his claims of ineffective assistance were ultimately dismissed because he failed "to meaningfully discuss and apply the standard governing the review of ineffectiveness claims." *Kirnon*, No. 3235 EDA 2006, slip op. at 8. Kirnon offers no excuse for his failure to raise the underlying constitutional claim or properly brief his ineffective assistance claim in his PCRA

appeal.

Moreover, Kirnon cannot establish prejudice, because the prosecutorial misconduct lacks merit. In order to establish that the racial remarks constituted prosecutorial misconduct, Kirnon must demonstrate that the racial remarks "infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The court must assess "the severity of the conduct . . . and the quantum of evidence against the defendant." *Moore v. Morton*, 255 F.3d 95, 107 (3d Cir. 2001). As Magistrate Judge Hey concluded, the racial remarks may have been "a deplorable injection of race into the trial," but there was no due process violation because there was only one mention of race in a lengthy closing argument that came after three days of testimony where race was never taken into account. *Kirnon*, 620 F. Supp. 2d at 700. The Third Circuit agreed, denying Kirnon a certificate of appealability because "the prosecutor's comments, when considered in context and not in isolation, did not infect the trial with unfairness as to make the resulting conviction a denial of due process." *Kirnon*, No. 09-1212, slip op. at 1. Because Kirnon failed to establish cause and prejudice, his prosecutorial misconduct claim is procedurally defaulted.

**B. No Evidentiary Hearing was Needed**

Kirnon argues that the facts relevant to his constitutional claims were not adequately developed at the state court level and that, as a result, this court should have held an evidentiary hearing before dismissing his habeas claim. (Pet'r's Mot. 3.) He alleges that the following "material facts" were "not adequately developed": (1) the state court's dismissal of his objections to PCRA counsel's no-merit letter; (2) the prosecutor's racial comments at trial; and (3) whether

the state court's factual determination was "fairly supported" by the certified record. (*Id*.)

There was no need for an evidentiary hearing to develop facts in regard to the merits of his prosecutorial misconduct claim because the claim was procedurally defaulted. Contrary to what Kirnon suggests, there was also no need for an evidentiary hearing to determine the issue of procedural default. The court's conclusion was based on an independent review of the legal record to determine what claims Kirnon raised during the various stages of state and federal proceedings. It is clear from the record that Kirnon did not fairly present the claim of prosecutorial misconduct to the PCRA appeals court. The allegedly undeveloped "material facts" are irrelevant to the issue of procedural default because they do not support a finding of cause and prejudice or a miscarriage of justice. The court, therefore, did not err by dismissing Claim V without an evidentiary hearing.

**IV. Conclusion**

Kirnon's Rule 60(b) motion alleges no defect in the integrity of the habeas proceeding that could reasonably have affected the outcome of his § 2254 motion. Accordingly, I will deny his motion to set aside the judgment dismissing his § 2254 petition pursuant to Rule 60(b).