IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE KIRNON | : CIVIL ACTION |
| vs. | : |
| JAMES T. WYNDER SUPERINTENDENT, ET AL. | : NO. 07cv4474 |

MEMORANDUM

YOHN, J.                                                                                NOVEMBER 4, 2013

Petitioner Jamie Kirnon has filed a pro se motion for equitable relief pursuant to Federal Rule of Civil Procedure 60(b)(6). He raises two claims that are sufficiently specific to be discernible. He alleges that he was denied effective assistance of counsel in connection with his PCRA petition because PCRA counsel did not raise trial counsel's ineffectiveness for failing to object, and raise on appeal, "the trial court's Erroeous (sic) jury instruction of accomplice or co-conspirator liability on the specific intent to kill." He also alleges a prosecutorial misconduct claim that the prosecutor in his closing stated "this case reflects a know (sic) truth exhibited by what you heard in this courtroom drug, money, gun, and young men in the city, mostly black, leading to confrontation, violence and death it's an old story."

Kirnon was found guilty of first degree murder, aggravated assault, criminal conspiracy, carrying a firearm on a public street, and possession of an instrument of crime in November of 2003. He was sentenced to 72-144 months for aggravated assault and a consecutive sentence of 42-84 months for criminal conspiracy. On appeal to the Superior Court, on claims unrelated to those at issue here, the Superior Court affirmed the judgment. He did not seek discretionary review by the Pennsylvania Supreme Court.

Kirnon filed a pro se PCRA petition on January 13, 2006 arguing six claims, none of which is relevant here. The PCRA court appointed counsel and his counsel filed a no-merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988). The PCRA court then dismissed the petition and Kirnon appealed. On appeal he raised twenty-two grounds for relief pro se, the only one relevant here being that trial counsel rendered ineffective assistance of counsel in not objecting to the charge on the elements of murder, specifically that "[k]illing is with malice if killer acts with 'intent'." The Superior Court concluded that the issue was undeveloped and therefore waived, an independent and adequate state ground. Kirnon did not seek discretionary review with the Pennsylvania Supreme Court.

Kirnon then filed a federal habeas corpus petition under 28 U.S.C. § 2254. In Claim Four Kirnon alleged that trial counsel rendered ineffective assistance of counsel for failing to object and move for a mistrial when in summation the prosecution referred to petitioner as a black drug dealer and murderer. In Claim Five he alleged prosecutorial misconduct stemming from the prosecutor's racially based comment made during closing argument. I found that both claims were procedurally defaulted. Kirnon failed to exhaust Claim Five and failed to comply with Pennsylvania Rules of Appellate Procedure with respect to Claim Four, both of which constitute independent and adequate procedural grounds that bar federal habeas review. On June 23, 2009, the U.S. Court of Appeals for the Third Circuit denied a certificate of appealability in that Kirnon had not made a substantial showing of the denial of a constitutional right. With reference to Claim Five it found that even if it could be considered on the merits, the magistrate judge correctly concluded that the prosecutor's comments, when considered in context and not in isolation, did not so infect the trial with unfairness as to make the resulting conviction a denial of due process.

Next, Kirnon filed a motion under Federal Rule of Civil Procedure 60(b)(3) and (6) to set aside the dismissal of his § 2254 habeas motion on May 12, 2010 asserting that the court erred in concluding that his claim of prosecutorial misconduct was procedurally defaulted and in failing to grant him an evidentiary hearing to develop the facts. I determined that his motion alleged no defect in the integrity of the habeas proceeding that could reasonably have affected the outcome of his § 2254 motion and accordingly denied his motion pursuant to Rule 60(b) on November 15, 2010. On March 31, 2011, the Court of Appeals denied a certificate of appealability, stating that "jurists of reason would not find it debatable that the District Court did not abuse its discretion in denying his Rule 60(b) motion."

On July 24, 2013, he filed this motion for equitable relief pursuant to Rule 60(b)(6). His allegation of prosecutorial misconduct has already been considered on the merits by the Third Circuit and rejected. In its order of May 21, 2009, dated June 23, 2009, the court noted that "even if claim 5 could be considered on the merits, the Magistrate Judge correctly concluded that the prosecutor's comments (N.T., 10/31/03, at 129), when considered in context and not in isolation, did not so infect the trial with unfairness as to make the resulting conviction a denial of due process." Moreover, when he first raised this claim in his § 2254 petition I found that the claim was procedurally defaulted. The Third Circuit denied a certificate of appealability. He then further disputed the ruling in a motion under Federal Rule of Civil Procedure 60(b)(3) and (6) which I again denied and on which the Court of Appeals again denied a certificate of appealability. Thus, the allegation of prosecutorial misconduct is again dismissed.

His second claim that he was denied effective assistance of counsel in connection with his PCRA petition because PCRA counsel did not raise trial counsel's ineffectiveness for failing

3

to object and raise on appeal the allegedly defective jury instruction on the specific intent to kill must also be rejected. He did not raise this issue until he filed an appeal of the denial of his PCRA petition. The Superior Court concluded that the issue was undeveloped and therefore waived, an independent and adequate state ground. He did not raise the issue in his subsequent 2254 petition or in his motion under Federal Rule of Civil Procedure 60(b)(3) and (6) to set aside the dismissal of his § 2254 habeas motion. This claim must also then be rejected as procedurally defaulted and untimely.

It may be that Kirnon is arguing that he is entitled to relief from the Court's judgment in light of the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), so that he may advance claims that were not raised in his initial petition, and so that he may pursue his procedurally defaulted claims.

When a Rule 60(b) motion advances habeas claims, i.e., claims seeking relief from a state court's judgment of conviction, the motion should be treated like a second or successive petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Gonzales v. Crosby*, 545 U.S. 524, 531-32 (2005). Under AEDPA, a district court lacks jurisdiction to consider the merits of a second or successive habeas petition unless the petitioner first seeks and receives approval to file the petition from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.2d 128, 139-40 (3d Cir. 2002). Accordingly, to the extent that petitioner's motion seeks to assert habeas claims that were not advanced in his initial petition, his motion is an unauthorized second or successive petition that must be dismissed for lack of subject matter jurisdiction.

To the extent that petitioner seeks relief from the Court's ruling that he procedurally

4

defaulted certain of his claims, his motion is a true 60(b) motion rather than an unauthorized second or successive habeas petition. *See Gonzalez*, 545 U.S. at 532-33 (2005). To obtain relief from a judgment under Rule 60(b)(6), a movant must establish "extraordinary circumstances" that justify setting aside the judgment. *See id.* at 535; *Morris v. Horn*, 187 F.3d 333, 341-44 (3d Cir. 1999). "[I]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Morris*, 187 F.3d at 341 (quotations and alteration omitted); *see also Gonzalez*, 545 U.S. at 536. Furthermore, a petitioner cannot establish extraordinary circumstances if the newly announced rule does not affect the integrity of the court's earlier judgment. *See Wilson v. Fenton*, 684 F.2d 249, 251 (3d Cir. 1982) (per curiam) (no extraordinary circumstances when new Supreme Court decision did not apply to the petitioner's circumstances).

In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, [i.e., a collateral proceeding that provides the first occasion for a defendant to raise a claim that trial counsel was ineffective,] a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. However, *Martinez* does not provide a basis for excusing default when the default occurred in connection with an appeal from an initial-review collateral proceeding. *See id*. Here, petitioner himself defaulted the majority of his claims in connection with his post-conviction appeal, due to his own failure to follow applicable state appellate procedural rules. His prosecutorial misconduct claim likewise does not fall within the rule announced in *Martinez*, and, in any event, has been rejected on the merits by

the Third Circuit. Accordingly, even if *Martinez* constitutes a change in law that could justify relief under Rule 60(b) under some circumstances, it does not provide a basis for disturbing the Court's judgment in this case.[1]

A certificate of appealability will not issue because reasonable jurists would not debate the correctness of this Court's procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Morris*, 187 F.3d at 340-41.

---

[1] Petitioner's motion is alternatively denied as untimely. "A motion made under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). *Martinez* issued on March 20, 2012, but petitioner did not file his Rule 60(b) motion until July of 2013. His motion provides no explanation for the delay in filing. *See Azbuko v. Bunker Hill Cmty, Coll.*, 442 F. App'x 643, 644 (3d Cir. 2011) (per curiam) ("[B]ecause [plaintiff] has provided no explanation for his delay in filing, we agree with the District Court that he has not filed his motion within a reasonable time of the order that he seeks to challenge.").